No. 2700.—SUCCESSION OF R. D. DAY—Opposition of universal legatee to executor's account.

Attorneys employed by the executor to attend to the litigations in which the estate is, or may be involved, are entitled to a fair and liberal compensation for their services.

The executor of an estate is only entitled to charge two and one-half per cent. commissions on the property that actually comes into his possession to be administered upon. He is not entitled to commissions on all the property which falls into the possession of the legatee, unless it is shown that it first passed through his hands as executor.

APPEAL from the Parish Court of East Baton Rouge. *G. M. Husted,* Parish Judge. *Andrew S. Herron* and *John W. Burgess,* for executor and appellant. *Samuel P. Greeves,* for Mrs. Day, opponent and appellee.

TALIAFERRO, J. This controversy is confined to the question as to the amount of commissions the executor is entitled to, and the amount of fees that should be paid to the attorneys employed by him in the affairs of the estate.

The judgment appealed from by the executor, awarded him two and a half per cent. on $4044—the sum of six hundred dollars to the attorneys employed by the executor, and three hundred and sixty-seven dollars to the executor as attorneys' fees for services rendered the testator in his lifetime.

R. D. Day died in the autumn of 1869, in the parish of East Baton Rouge, leaving a succession, estimated by appraisements to be worth eighty thousand dollars. The debts were very inconsiderable compared with the value of the estate. This succession, it seems, was altogether community property. The decedent left no heirs in the

descending line. His father survived him. He left a will by which he instituted his widow universal legatee of his estate, and named B. E. Chaney, executor.

The father claimed the portion of the estate accorded to him as a forced heir. Some controversy arose out of this claim of a portion of the testator's estate, but it was of short duration. The matter was amicably adjusted by a settlement and payment of his legitime, and the executor filed an account. It was opposed by Mrs. Day, the universal legatee, on the ground that the executor, himself an attorney at law, had needlessly engaged the services of other attorneys, and that he had done so against her expressed wishes on the subject, having been informed by her that she had employed an attorney who was recommended by the testator, and whom, on his dying bed, he requested should be employed. She offered the amount claimed by him as commissions and also his charge for attorney's fees.

As appellee in this court she prays that the judgment of the lower court be amended so as to reject the claims for attorney's fees.

A charge of one thousand dollars was made for the fees of the attorneys employed by the executor, and the executor claims commissions upon the whole amount going to the legatee by the will, and four hundred dollars for professional services, as attorney, rendered the testator in his lifetime.

An inspection of the record enables us to see that the litigation involved in the settlement of this succession was neither difficult nor long protracted. We do not discover the necessity which required additional counsel, and must regard the complaint of the opponent, in this respect, as not without reason. In the exercise of a sound discretion, the executor should have avoided, as far as possible, the accumulation of charges against the estate. The attorneys employed are prominent in the profession. They did render services, and they should be compensated. Under the circumstances, however, we think that the amount allowed them by the parish judge may be considered liberal, and we are not inclined to enlarge or reduce it.

Seizin of the estate was not granted by the will to the executor, and he had at no time a general possession of it. He contends for commissions on all that part of the testator's succession which went into the hands of the universal legatee. Article 1677 of the Civil Code prescribes that, "if the executor has not had a general seizin, his commission shall only be on the estimated value of the object which he has had in his possession, and on the sums put into his hands for the purpose of paying the legacies and other charges of the will."

In this case the amount administered or which passed through his hands, and that by fiction of law, in the adjustment of the debts of the estate, seems to have been fixed by the parish judge at $4044, and on this sum his commission of two and a half per cent. was allowed.

We see no error in this. The reduction of the executor's fee, as attorney in a certain case, for the testator before his decease, making it fifty dollars instead of one hundred dollars, we do not see requires alteration.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed, with costs in both courts.